Shelby W. SMOOT et al., etc., Plaintiffs,

v.

FAIRCHILD, INC., Defendant.

No. CIV-2-78-136.

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 25, 1979.

E. G. Moody, Hawkins & Moody, Kingsport, Tenn. and Wendal D. Jackson, Slaughter, Jackson, Cooper & Watson, Bristol, Tenn., for plaintiffs.

Dick L. Johnson, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a diversity action for damages for breach of contract. 28 U.S.C. §§ 1332(a)(1), (c). The parties agree that Tennessee law governs. 28 U.S.C. § 1652. Trial was to the Court on May 16–17, 1979.

The plaintiffs, doing business as Cherokee Coal Company (Cherokee), desired to sell a Lee Norse CM26H–2B60 continuous coal-mining machine with an oscillating head (machine). The defendant Fairchild, Incorporated (Fairchild) manufactured coal-mining machinery, dealt in used coal-mining machines, and engaged in the business of reselling for others used coal-mining equipment.

On November 5, 1977 Cherokee employed Fairchild to sell or market the machine as the former's exclusive sales agent. A suggested resale price of $90,000 was agreed upon for the machine. Cherokee agreed to pay Fairchild a commission of 20% of the sales price for selling or marketing the machine. It was agreed also that, in the event major repairs, *inter alia,* to the machine became necessary in order to effect a sale of the machine, Fairchild " * * * would purchase the item from * * *" Cherokee " * * * at the previously agreed upon sale price less the FAIRCHILD commission. * * *" The "previously agreed upon sale price [of $90,000] less the FAIRCHILD commission [of $18,000]" resulted in a sale-and-purchase price in the event of that contingency of $72,000.

Major repairs to the machine became necessary in order to effect a sale of the machine to Salamander Coal Company, Inc., and Fairchild issued on December 3, 1977 its purchase order no. W Fed 15154 to Cherokee for the machine for $72,000; however, despite the facts that the parties had agreed that " * * * FAIRCHILD would purchase the item from * * * [Cherokee] * * * at the previously agreed upon sale price less the FAIRCHILD commission and the purchase order provided for payment in 30 days, * * *" Fairchild undertook in its aforenumbered purchase order to postpone the payment of such price until the machine " * * * is shipped to Fairchild's customer. (Following settlement of coal strike). * * *" This condition was never agreed-to by Cherokee.

No Tennessee authority has been noticed which defines the term, purchase, as used in

contracts, but generally to " * * * 'purchase' can mean to own by paying or by promising to pay an agreed price, enforceable at law. 73 C.J.S. Purchase (1951). * * * " *First Nat. Bank & Trust Co. of Chickasha v. United States,* C.A. 10th (1972), 462 F.2d 908, 910. To own by paying an agreed price within 30 days was the meaning here.

The contract entered into by the parties was an exchange of mutual promises; *inter alia,* if, to effect a sale, major repairs to the machine were necessary, Fairchild promised to buy and Cherokee promised to sell the machine for $72,000.. Those terms were definite, and Fairchild could not alter those terms unilaterally by adding the foregoing condition to its aforenumbered purchase order. The Court FINDS that Fairchild breached the specific terms of its contract with Cherokee of November 5, 1977.

It is the consequent decision of this Court that the plaintiffs Shelby W. Smoot, Esq. and William W. Hawkins, Esq. recover of the defendant Fairchild, Incorporated, compensatory damages in the amount of $72,-000. Rule 58(1), Federal Rules of Civil Procedure. No prejudgment interest thereon or punitive damages are justified.